UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------X
COLUMBIA CASUALTY COMPANY,                  :
                                            :
                                            :
                Plaintiff,                  :
                                            :
        -against-                           :    Civil Action No.
                                            :
IRONSHORE SPECIALTY INSURANCE COMPANY,      :
                                            :
                Defendants.                 :
---------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Columbia Casualty Company (hereinafter "Plaintiff," or "Columbia"), by and through its undersigned counsel, as and for its Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff seeks a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining the rights and obligations of the Parties pertaining to the funding of a settlement of a lawsuit involving Rhode Island Hospital, which is a mutual insured of the Parties, in an action entitled *Beauchamp v. Rhode Island Hospital, et al.*, Civil Action No. PC12-2874, Superior Ct. for Providence, Rhode Island ("the Underlying Action").

### JURISDICTION

2. Columbia is a corporation created under the laws of the State of Illinois, having its principal place of business in Illinois, and is now, and was at all times relevant to the Complaint, authorized to transact business in the State of Rhode Island.

3.      Upon information and belief, Defendant Ironshore Specialty Insurance Company (hereinafter "Defendant," or "Ironshore") is a corporation created under the laws of the State of Arizona, having its principal place of business in New York, and is now, and was at all times relevant to the Complaint, authorized to transact business in the State of Rhode Island.

4.      The amount in controversy exceeds, exclusive of interest and costs, $75,000.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this dispute occurred in this district.

### RELEVANT FACTS

6.      Upon information and belief, the plaintiffs in the Underlying Action alleged that, in or about August, 2009, one of the plaintiffs, Mr. Carl Beauchamp, was admitted to Rhode Island Hospital, and that in the course of his hospitalization, Mr. Beauchamp suffered severe and permanent bodily injuries as a result of the negligence of the defendants including Rhode Island Hospital.  Mr. Beauchamp's wife, Elisabeth Beauchamp, commenced the Underlying Action on or about June 5, 2012, individually and as guardian of Mr. Beauchamp.

7.      At the time relevant to the Beauchamps' claims against Rhode Island Hospital, the Hospital participated in an insurance program which provided three separate layers of insurance coverage.  Rhode Island Hospital was self-insured up to $6 million.  Above the self-insured layer, the Hospital held a Columbia umbrella policy, to which Rhode Island Hospital was a named insured, with an applicable limit of liability of $15 million (the "Umbrella Policy").  Upon information and belief, the Hospital also held an Ironshore excess policy which covered Rhode Island Hospital for liability in excess of the self-insured retention and in excess of the Columbia Umbrella policy, with an applicable limit of liability of $11 million.

8.      Settlement communications occurred numerous times during 2014 and 2015, but a final agreement was not reached before the Underlying Action went to trial in late April 2015. While that trial was in progress, the underlying plaintiff, underlying defendant, Columbia and Ironshore jointly agreed to a confidential settlement whose value was contingent upon the trial court's jury verdict. After that verdict was issued, the value of the settlement was fixed at $31.5 million.

9.      A portion of the funds to pay the settlement was attributed to the Hospital's $6 million self insured layer. Columbia timely paid its $15 million share of the settlement, and upon information and belief, Ironshore also paid its residual share of the settlement.

10.     However, on May 7, 2015, Ironshore made a demand upon Columbia to reimburse Ironshore for the sum paid by Ironshore toward that settlement, claiming that Columbia allegedly breached certain fiduciary duties that Columbia ostensibly owed to Ironshore. If Columbia did not acquiesce to its demand in only one calendar day, it threatened to bring immediate legal proceedings against Columbia to seek not only reimbursement of the $\approx$$11 million portion of the Judgment it paid but punitive damages, attorneys' fees and other relief, as well.

## COUNT ONE
### (DECLARATORY RELIEF)

11.     Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 9 above.

12.     Plaintiff has breached no obligation to Ironshore with respect to the Underlying Action, and otherwise has no obligation to pay Ironshore's share of the settlement.

13.     Plaintiff's payment obligation with respect to the settlement entered in the Underlying Action is capped by the aforementioned limit of liability in the Umbrella Policy and

3

by the terms of the settlement to which Ironshore agreed.  Ironshore itself is obligated under its Policy and that settlement to pay that portion of the settlement amount that exceeds the self-insured retention and the limit of liability of the Umbrella Policy.

14. An actual and justiciable controversy exists between Plaintiff and Defendant in respect of whether Plaintiff is obligated to reimburse Defendant for the portion of the settlement it paid in connection with the Underlying Action.

15. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a judicial determination of the rights and duties of the Parties with respect to the funding of the settlement in the Underlying Action, declaring that Plaintiff has no obligation to pay more than its applicable limit of liability, and further declaring that Plaintiff is not responsible for the excess portion of such settlement that exceeds the underlying self-insured retention and limit of liability of the Umbrella Policy, and further declaring that Plaintiff is not obligated to reimburse Defendant for the sum Defendant paid toward that settlement.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare the rights and other legal relations of the Parties with respect to their mutual contribution obligations to the settlement entered in the Underlying Action; and

B. Declare that Plaintiff has fulfilled its payment obligation by paying its limit of liability, that Defendant is obligated to pay that portion of the settlement that exceeds underlying coverage, and that Defendant has no right to recovery from the Plaintiff for such amounts owed toward the settlement by the Defendant.

C.	Award Plaintiff such other and further relief as may be necessary and proper.

        COLUMBIA CASUALTY CO.
        BY ITS ATTORNEYS,

        /s/ Stephen M. Prignano
        STEPHEN M. PRIGNANO (3649)
        MCINTYRE TATE, L.L.P
        321 S. MAIN STREET
        PROVIDENCE, RHODE ISLAND
        (401) 351-7700

*Of counsel*:

FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.
88 PINE STREET, WALL STREET PLAZA
NEW YORK, NEW YORK 10005
(212) 269-4900 (PHONE)

-AND-

ELENIUS, FROST & WALSH
JAMES GITZLAFF, ESQ.
333 S. WABASH ST., FLOOR 25
CHICAGO, ILLINOIS
(312) 822-2365

Dated: May 8, 2015